# FONTAINE *v.* UNITED STATES

No. 71-6757.  Argued February 28, 1973—Decided April 2, 1973

*Steven M. Umin,* by appointment of the Court, 409 U. S. 1005, argued the cause and filed a brief for petitioner.

*Samuel Huntington* argued the cause for the United States.  With him on the brief were *Solicitor General Griswold, Assistant Attorney General Petersen,* and *Philip R. Monahan.*

PER CURIAM.

On November 13, 1969, the petitioner was arraigned in a federal district court upon a charge of robbery of a federally insured bank.[1]  He executed a written waiver of his right to counsel and to a grand jury indictment, and pleaded guilty.  Before accepting the plea, the trial judge, proceeding under Fed. Rule Crim. Proc. 11, addressed the petitioner personally.  The petitioner acknowledged in substance that his plea was given voluntarily and knowingly, that he understood the nature of

---

[1] He had been arrested by state officers and had been in the custody of state police and in state jurisdiction until the time of the federal charge.

the charge and the consequences of the plea, and that he was in fact guilty. See *McCarthy* v. *United States,* 394 U. S. 459, 464–467; cf. *Boykin* v. *Alabama,* 395 U. S. 238, 242. The judge then accepted the guilty plea and subsequently sentenced the petitioner to 20 years in prison.

On August 6, 1971, the petitioner filed a motion under 28 U. S. C. § 2255 to vacate his sentence on the ground that his plea of guilty had been induced by a combination of fear, coercive police tactics, and illness, including mental illness. The District Judge who had accepted the petitioner's plea and sentenced him to prison considered the motion but denied it without an evidentiary hearing; the District Judge reasoned that since the requirements of Rule 11 had been met, this collateral attack was *per se* unavailable, stating: "When the trial court has so questioned the accused about pleading guilty, the petitioner cannot now be heard to collaterally attack the record and deny what was said in open court." The Court of Appeals for the Sixth Circuit affirmed on the same grounds.

Petitioner seeks certiorari to review that judgment; he urges that under the plain wording of § 2255 and our decision in *Machibroda* v. *United States,* 368 U. S. 487, he was entitled to an evidentiary hearing on his claims. Petitioner's motion for relief under § 2255 sets out detailed factual allegations regarding alleged circumstances occurring after his arrest and before his appearance in court. Those allegations describe physical abuse and illness from a recent gunshot wound that required hospitalization which was documented by records tendered in support of his petition. The records also showed that a month following the plea he was again hospitalized for heroin addiction, for aggravation of the earlier gunshot wound and for other severe illnesses. Petitioner further alleges that prolonged interrogation continued during the

period preceding his plea. All of this, he claims, coerced his confession, his waiver of counsel, and the uncounseled plea of guilty. It is elementary that a coerced plea is open to collateral attack. *Machibroda* v. *United States, supra,* at 493. See also *Waley* v. *Johnston,* 316 U. S. 101; *Walker* v. *Johnston,* 312 U. S. 275; *Diamond* v. *United States,* 432 F. 2d 35, 39; *Crow* v. *United States,* 397 F. 2d 284, 285–286. It is equally clear that § 2255 calls for a hearing on such allegations unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."

We need not take issue with the Government's generalization that when a defendant expressly represents in open court, without counsel, that his plea is voluntary and that he waived counsel voluntarily, he "may not ordinarily" repudiate his statements to the sentencing judge. The objective of Fed. Rule Crim. Proc. 11, of course, is to flush out and resolve all such issues, but like any procedural mechanism, its exercise is neither always perfect nor uniformly invulnerable to subsequent challenge calling for an opportunity to prove the allegations.[2]

On this record, we cannot conclude with the assurance required by the statutory standard "conclusively show" that under no circumstances could the petitioner establish facts warranting relief under § 2255; accordingly, we vacate the judgment of the Court of Appeals and remand to that court to the end that the petitioner be afforded a hearing on his petition in the District Court.

*It is so ordered.*

MR. JUSTICE WHITE dissents.

---

[2] The petitioner has also urged in this Court that his plea must be vacated because the transcript of his pleading fails to disclose an intelligent waiver of counsel. But this claim was not raised in the Court of Appeals or in the petition for certiorari, and we accordingly express no view upon the question.