UNITED STATES

v.

Michael A. JARVIS, 543 66 0379, Corporal E–4, U. S. Marine Corps.

NCM 75 1408.

U. S. Navy Court of Military Review.

Sentenced Adjudged 21 March 1975.

Decided 1 Nov. 1976.

LT Howard L. Schwartz, JAGC, USNR, Appellate Defense Counsel.

CAPT Mark M. Humble, USMCR, Appellate Government Counsel.

Before MURRAY, Senior Judge, and MALLERY and GREGORY, JJ.

MURRAY, Senior Judge:

Appellant was convicted, in accordance with his pleas, by special court-martial judge sitting alone, of multiple specifications of possession, sale, transfer and distribution of LSD and marijuana. There was no pretrial agreement. He was sentenced to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $225.00 pay per month for six months, and reduction to pay grade E–1. Both the convening and supervisory authorities approved the sentence as adjudged.

This case was previously before our Court and a decision rendered by a panel of this Court dated 12 November 1975 (*United States v. Jarvis*, No. 75 1408) was vacated by the United States Court of Military Appeals in an order dated 15 March 1976 (U.S.C.M.A. No. 31,661) with directions to hold further proceedings in abeyance pending disposition of the jurisdictional issue granted in *United States v. McCarthy*, 2 M.J. 26.

The *McCarthy* decision was handed down on 24 September 1976, and the appellant once again petitions our Court for consideration of his case, and, by way of further assignment of error, contends:

THE COURT–MARTIAL LACKED JURISDICTION OVER THE VIOLATIONS ALLEGED IN SPECIFICATION 3 OF CHARGE I AND SPECIFICATIONS 1 AND 2 OF CHARGE II, IN THAT THESE VIOLATIONS OCCURRED FAR FROM A MILITARY INSTALLATION AND THE GOVERNMENT FAILED TO SHOW THAT THE APPELLANT'S MISCONDUCT POSED A THREAT TO THE MILITARY COM-

MUNITY. THEREFORE, THE VIOLATION WAS NOT "SERVICE CONNECTED," *UNITED STATES v. McCARTHY,* 2 M.J. 26 (1976); *UNITED STATES v. HEDLUND,* 2 M.J. 11 (1976).

■ Appellant complains of the alleged lack of jurisdiction of the court-martial in his case over three of the seven specifications of which he was convicted. From the facts contained in the record of trial, however, it is clear that the special court-martial had jurisdiction over both charges and all specifications thereunder.

The specifications of which the appellant complains concern the possession, transfer and sale of 53.0. grams of marijuana at 45–510 Kianai Street, Kaneohe, Oahu, Hawaii on 22 February 1975. The appellant admitted that the marijuana (which was the subject of the Government's multiplicious pleading) was sold to Staff Sergeant T. R. Crawford of the CID at appellant's residence. [R. 14, 20]. It is not certain from the record whether the appellant knew at the time that the staff sergeant was in the military (the appellant having testified that he did not know that the staff sergeant was in CID). Such knowledge can be inferred, however, from appellant's admission that the other charges arose from an on-base sale of LSD to the *same staff sergeant* the day previous to the marijuana sale. [R. 20]. Aside from the question of status of the staff sergeant, the appellant admitted that the subject marijuana was part of a larger portion that he bought on behalf of a drug "co-op" consisting of nine other Marines. [R. 29, 32]. The co-operative was formed with the expressed intent of lowering drug costs to the ten Marines since they felt that a price break could be obtained by making purchases in bulk. [R. 29]. Unlike the other members of the group, appellant was interested in arranging the purchase and distribution of the drugs. In return for these services, he was "paid" in drugs. [R. 34]. Appellant admitted that the group of Marines, who were members of his unit, met on base to arrange the marijuana purchase, and he further states his own belief that those drugs caused harm to the Marine Corps. [R. 31, 33, 34, 35].

From the foregoing it is apparent that the special court-martial which tried appellant had jurisdiction over the offenses of which he presently complains. From the existing record of trial alone, the service connection in the case *sub judice* appears stronger than that in the recent case of *United States v. McCarthy, supra.* The appellant admitted that he bought the marijuana involved on behalf of a group of nine other Marines who lived in and apparently met in the barracks on-base. The appellant proceeded to sell his "profits" from the drug transaction to a staff sergeant. Although this sale took place off base, appellant admitted having sold LSD to the same staff sergeant on base the previous day. Finally, the appellant himself admitted the potentially grievous consequences which such drug sales posed for the military and its personnel. At the court in *McCarthy* pointed out:

> The military interest in this offense is pervasive. The entire criminal venture was developed by soldiers who had associated in their military unit and both of whom knew that the next most likely recipient of their contraband would be fellow soldiers on post. Under such circumstances, the military community certainly had the overriding, if not exclusive, interest in prosecuting this offense. (Citation omitted), *McCarthy,* 2 M.J. at 29.

We find that jurisdiction was fully present with respect to all of the Charges and specifications in the case *sub judice.*

Readdressing once again the previous assignments of error submitted by the appellant, as originally disposed of in our decision of 12 November 1975 (but vacated as noted above), the determinations articulated therein as originally voiced by Judge Mal-

lery for the majority are rearticulated at this time.

■ After the supervisory authority's action was signed, appellant was granted permission by this court to file matter outside the record. The matter consists of an affidavit in which appellant alleges that he pleaded guilty only because his squadron commander, at request mast prior to trial, had in effect, promised to do everything in his power to persuade the convening authority, his immediate superior, to suspend any bad conduct discharge adjudged. He further alleges that the squadron commander, after trial, reneged by recommending that the convening authority approve the sentence as adjudged. In order to resolve the factual issue, an affidavit was obtained from the squadron commander. In that document, the squadron commander flatly denies having made any promises or assurances whatsoever to appellant. In fact, he categorically states that, during his conversation with appellant prior to trial, no mention was made of appellant's intended pleas. In support of his affidavit, the squadron commander has attached two documents. One of the documents is, in effect, a memorandum dated four days after the request mast held prior to trial in which the Commanding Officer summarized the results of appellant's hearing. In this document no mention is made of any promises by the Commanding Officer to recommend clemency to the convening authority. A copy of this document was apparently given to appellant. The second document consists of a later request mast form executed by appellant after trial together with several endorsements including one from the squadron commander to the supervisory authority, via the convening authority. This endorsement by the squadron commander recommends that no part of the sentence be suspended. Apparently a copy of this endorsement too was given to appellant.

Appellant urges that he was entitled to a *DuBay* type hearing to determine whether his guilty pleas were improperly induced. *See United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). We disagree.

The military judge carefully and exhaustively inquired into the providency of appellant's guilty pleas. A painstaking analysis of that inquiry reveals no possible reason for questioning the providency of such pleas. Nevertheless, if we had any reasonable doubt as to whether or not appellant's pleas were improperly induced, we would authorize a hearing before a military judge for the purpose of receiving evidence bearing on the issue. *United States v. DuBay, supra; Fontaine v. United States*, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973); *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *United States v. Davis*, 47 C.M.R. 831 (N.C.M.R. 1973).

However, we are convinced beyond a reasonable doubt that appellant's squadron commander did nothing whatsoever to induce appellant to plead guilty and we are further convinced beyond a reasonable doubt that appellant never believed that his squadron commander would recommend clemency. Accordingly, nothing would be gained by authorizing a *DuBay* type hearing.[1]

---

1. We also note at this time with full approval the perspicacious observations of Senior Judge Evans (now retired from the bench) in his concurring remarks addressed in the former decision wherein Senior Judge Evans stated:

"The record shows an extensive *Care* inquiry into the charged offenses. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). During the presentencing portion of the trial appellant asserted he offered his pleas to make amends to the Marine Corps and himself (R. 30, 31). The charge sheet indicates the offenses were referred to trial by Commander, Marine Air Group 24. The proffered pleas, if I believe the contents of appellant's affidavit, were conditioned on the fact his Commanding Officer *would recommend* to the Group Commander/convening authority the discharge be suspended. At worst appellant did not have the *benefit* of *the recommendation*. Appellant knew the final decision rested with the Commander of

Appellant also urges that an unsuspended bad conduct discharge is inappropriately severe. Again, we disagree. In view of the seriousness of appellant's offenses, which include not merely simple possession of marijuana but also sale and transfer of marijuana and distribution of LSD, we are convinced that the sentence is appropriate and not excessive in any way.

The findings and sentence, as approved on review below, are affirmed.

Judge GREGORY concurs.

Judge MALLERY absent.

the Group. Therefore, when giving full credence to appellant's affidavit it shows he was not misled into offering guilty pleas in return for a promise that the bad conduct discharge would be suspended."