872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James S. BURNETTE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-5922.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1989.
 
 1
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and GEORGE C. SMITH, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner requests the appointment of counsel and appeals the district court's dismissal of his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pursuant to Fed.R.Crim.P. 11 plea agreement, Burnette pleaded guilty to conspiracy to sell and dispose of a tractor trailer load of stolen apple products in violation of 18 U.S.C. Secs. 371 and 2315; he also pleaded guilty to aiding and abetting the sale of the stolen apple products in violation of 18 U.S.C. Secs. 2 and 2315. He was sentenced to six years imprisonment on the substantive charge, followed by a five year probationary term on the conspiracy charge. Thereafter, pursuant to Fed.R.Crim.P. 20, Burnette pleaded guilty to an information charging him with the unlawful transportation of 2000 shares of stolen Coca Cola stock, valued at $120,000, in violation of 18 U.S.C. Sec. 2314. Pursuant to the same plea agreement, Burnette received a six year concurrent sentence. The six year sentence was later reduced to four years when the district court granted a Fed.R.Crim.P. 35 motion.
 
 
 4
 Seeking to withdraw his guilty pleas, Burnette filed the instant motion arguing: 1) the guilty pleas were rendered involuntary when the U.S. Attorney breached a secret plea agreement that promised that petitioner would receive only a two year sentence; 2) the charges in the stolen stock case were defective because the stock was not valued at least $5,000 (the statutory requirement); 3) his counsel was ineffective for allowing him to plead knowing the stock was not worth $5,000; and, 4) Fed.R.Crim.P. 32 was violated as neither he nor his counsel was shown an addendum to his presentence investigation report (PSI) which caused his sentencing guidelines to be increased.
 
 
 5
 The district court refused to hold an evidentiary hearing and denied the motion finding that: 1) the pleas were voluntary as there was no evidence of any secret agreement promising a two year sentence; 2) prosecution under 18 U.S.C. Sec. 2314 was proper as the stolen stock was valued at $120,000; 3) counsel's performance was not deficient because the stock was valued over $5,000; and, 4) the PSI was not improperly amended.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated in its well written memorandum opinion dated July 25, 1988.
 
 
 7
 We also note that petitioner's claims on appeal are likewise meritless. First, we conclude that there was an adequate factual basis for the pleas in both cases. Second, there is no evidence that the United States magistrate improperly accepted Burnette's guilty pleas during the secret plea negotiations. Lastly, because petitioner's claims were meritless, the district court did not err in not holding an evidentiary hearing. See Fontaine v. United States, 411 U.S. 213, 215 (1973).
 
 
 8
 Accordingly, the request for counsel is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George C. Smith, U.S. District Judge for the Southern District of Ohio, sitting by designation