983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guy C. MALBON, a/k/a Kippy, Defendant-Appellant.
 No. 92-6060.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 30, 1992
Decided: January 7, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.
 James O. Broccoletti, ZOBY & BROCCOLETTI, for Appellant.
 Richard Cullen, United States Attorney, Robert W. Wiechering, Assistant United States Attorney, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Guy C. Malbon appeals from the district court's order refusing relief under 28 U.S.C. § 2255 (1988). Finding no merit to Malbon's claims, we affirm.
 
 
 2
 A federal grand jury indicted Malbon and three other named Defendants on twenty-two counts for a drug smuggling scheme. In 1988, Malbon pled guilty in federal district court, pursuant to a written plea agreement, to one count of engaging in a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848 (1988). Under the version of the statute in effect at that time Malbon faced a mandatory minimum prison sentence of ten years. The plea agreement specified a sentence between ten years and twenty years. The district judge imposed a fourteen-year sentence and fined Malbon $100,000. Malbon never appealed his sentence, though he did move unsuccessfully in the district court to reduce his sentence pursuant to the former Fed. R. Crim. P. 35(b).
 
 
 3
 A condition of the plea agreement was the prosecutor's promise to inform the sentencing judge and the probation department of the full nature and extent of Malbon's cooperation with government agents and the date when the cooperation began. At the sentencing hearing, the prosecutor said "I would just state for the record, because it is called for in the plea agreement, that Mr. Malbon did cooperate with the government in certain ways."
 
 
 4
 Malbon argues on appeal that this statement was insufficient and breached both the written plea agreement and a subsequent oral plea agreement and that his counsel provided ineffective assistance.
 
 
 5
 The prosecutor did inform the sentencing court and the probation department of Malbon's assistance to the United States Customs Service in luring three drug couriers to Virginia Beach. That information was in the probation report given to the district court. The findings of the district judge, who was also the sentencing judge in Malbon's case and in the cases of his co-Defendants, that there were no oral agreements and that the government did not breach the written plea agreement were not clearly erroneous.
 
 
 6
 The parties specifically agreed in the written plea agreement that changes or additions to the plea agreement would be in writing and signed. Affidavits from the prosecutor and a customs agent disclose there was no agreement to release Malbon if he aided government agents in apprehending drug couriers. Moreover, statements made by Malbon at his sentencing belie the claim of an oral plea agreement. Cf. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (prisoner may not ordinarily repudiate statements made to judge at plea hearing).
 
 
 7
 Malbon claims his counsel provided ineffective assistance at the sentencing hearing when he failed to object to the prosecutor's bare statement on cooperation and when he failed to file an appeal. To prevail on his claim of ineffective assistance of counsel Malbon must show that (a) his counsel's performance fell below an objective standard of reasonableness and (b) a reasonable probability the result of the proceeding would have been different but for counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The Supreme Court has defined "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Id. at 694. A court need only determine a petitioner has made an insufficient showing regarding either the performance or prejudice standard to dismiss the claim. Id. at 697.
 
 
 8
 Here, Malbon cannot show deficient conduct or prejudice at the sentencing hearing. The district judge was fully informed of Malbon's cooperation with the government. Therefore, there was no basis for counsel to object to the prosecutor's description of his cooperation. There is also no reasonable probability that a different outcome would have resulted from an objection.
 
 
 9
 Moreover, the evidence in the record on appeal does not show that Malbon told counsel that he wanted to appeal and that counsel refused to do so against Malbon's wishes. Malbon states in his affidavit that he "talked to" counsel about appealing his sentence but that counsel said "No," that Malbon could get life imprisonment. This affidavit indicates nothing more than a discussion of an appeal and the advice given by Malbon's attorney. Malbon does not allege that his attorney ignored instructions to file an appeal. Further, the evidence in the record does not show that Malbon wanted to reverse his conviction or go to trial. Counsel filed a motion to reduce sentence under Rule 35(b). This course does not appear professionally unreasonable in view of Malbon's expressed wish to reduce his time of incarceration. Therefore, his claim of ineffective assistance for failing to file a notice of appeal is meritless.
 
 
 10
 Malbon also argues on appeal that the district court should have granted him an evidentiary hearing on factual disputes over the purported oral plea agreement and the extent of the government's efforts to inform the sentencing court of Malbon's cooperation with the authorities. Evidentiary hearings are not required in every § 2255 proceeding. See Rule 8(a) of the District Court Rules Governing Section 2255 Cases. There was sufficient information in the record, transcripts, and affidavits for the district judge to resolve these disputes. See Fontaine v. United States, 411 U.S. 213, 215 (1973).
 
 
 11
 Finding no merit in these arguments, we affirm the district court's dismissal of Malbon's § 2255 petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED