77 F.3d 472
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edwin Paul WILSON, Defendant-Appellant.
 No. 94-7322.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 18, 1996.
Decided Feb. 7, 1996.
 
 Appeal from the United States District Court, for the Eastern District of Virginia, at Alexandria; Richard L. Williams, Senior District Judge. (CR-82-212).
 Bernard Fensterwald, III, Fensterwald & Alcorn, P.C., Vienna, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Perry S. Bechky, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HAMILTON and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Edwin P. Wilson, a federal prisoner, appeals the district court's dismissal of his petition for a writ of error coram nobis, filed pursuant to 28 U.S.C. § 1651 (1988), without conducting an evidentiary hearing and without requiring a response from the Government. This petition represented Wilson's second collateral attack on his conviction for federal offenses involving the illegal export of weapons.* The district court found that the issues raised in this petition were a complete rehash of those issues previously litigated on direct review and in a prior 28 U.S.C. § 2255 (1988) motion.
 
 
 2
 On direct appeal from his conviction, we rejected Wilson's good faith defense and his claim that the district court improperly excluded classified documents, and affirmed most of his convictions. Several years later, Wilson filed a writ of error coram nobis, which the district court properly treated as a post-conviction collateral attack under § 2255. Wilson asserted that the prosecution withheld favorable evidence during the pre-trial proceedings. After allowing Wilson to supplement the record with additional affidavits and discovery requests, the district court ruled on Wilson's discovery requests and denied the entire motion without an evidentiary hearing. On appeal, we held that Wilson was not entitled to the benefits of Brady v. Maryland, 373 U.S. 83 (1963), because he was free to discover the information sought in the preparation for his trial. United States v. Wilson, 901 F.2d 378, 381 (4th Cir.1990). We further found that no Brady violation occurs when the exculpatory information is not only available to the defendant, but also lies in a source where a reasonable defendant would have looked. Id. We added that the district court's denial of Wilson's unspecific discovery requests was proper, and affirmed the denial of Wilson's § 2255 motion. Wilson, 901 F.2d at 382.
 
 
 3
 A writ of error coram nobis under 28 U.S.C. § 1651(a) (1988) may be issued only where an error of the most fundamental character compels such action to achieve justice, and where no alternative remedy is available. United States v. Morgan, 346 U.S. 502 (1954); United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir.1988), cert. denied, 491 U.S. 906 (1989). This petition does not allege such a fundamental error, and was, therefore, properly denied. We determined on a previous occasion that Wilson did not suffer a violation of the benefits afforded under Brady. The information sought by Wilson was readily available to him and could have been discovered through reasonable diligence. His inclusion of the sought materials in the record on appeal only tends to prove that he could have obtained this information earlier.
 
 
 4
 To the extent Wilson raises claims that were not addressed by this court in either his direct appeal or § 2255 motion, such as his claims of erroneous jury instructions, prosecutorial misconduct, and ineffective assistance of counsel, they are all based on errors that allegedly occurred during the course of Wilson's criminal trial. Because he had knowledge of these errors at the time he filed his direct appeal and his § 2255 motion and failed to raise them at that time, this petition does not meet the exceptional circumstances to warrant coram nobis relief. See United States v. Keane, 852 F.2d 199, 202 (7th Cir.1988) (claims that could have been raised by direct appeal are outside scope of writ of error coram nobis), cert. denied, 490 U.S. 1084 (1989).
 
 
 5
 Finally, the district court did not abuse its discretion in dismissing Wilson's petition for writ of error coram nobis without an evidentiary hearing. No hearing is required when the record conclusively shows that the petitioner is entitled to no relief. Fontaine v. United States, 411 U.S. 213, 215 (1973). Here, the same judge presided over Wilson's criminal trial, his § 2255 proceedings, and his petition for writ of error coram nobis. Being familiar with the facts of this case, the sentencing judge could properly dispose of this petition based upon his memory. See Blackledge v. Allison, 431 U.S. 63, 74 n. 4 (1977). For the foregoing reasons, we affirm the district court's dismissal of Wilson's petition for writ of error coram nobis.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 A full description of the facts underlying Wilson's conviction can be found in United States v. Wilson, 721 F.2d 967 (4th Cir.1983)