**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 95-7394

CALVIN EUGENE SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Chief District Judge.
(CR-92-102-R, CA-94-990)

Submitted: March 29, 1996

Decided: April 24, 1996

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jonathan Seth Kurtin, LUTINS & SHAPIRO, Roanoke, Virginia, for
Appellant. Thomas Jack Bondurant, Jr., Assistant United States Attor-
ney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Calvin Eugene Smith filed this 28 U.S.C. § 2255 (1988) motion alleging multiple ineffective assistance claims, denial of his presence in court and right of confrontation, and that a fatal variance existed between the conspiracy charged in the indictment and the evidence adduced at trial. A jury convicted Smith of participation in a conspiracy to distribute or possess with intent to distribute cocaine and marijuana, and other charges of possession or distribution of cocaine and marijuana. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. United States v. Smith, Nos. CR-92-102-R; CA-94-990 (W.D. Va. July 19, 1995).

Appellant raises several additional claims in his brief before this court. First, he claims that the district court erred by failing to hold an evidentiary hearing. We hold that the district court did not err in failing to hold a hearing because the § 2255 motion was clearly meritless, and no hearing was required. Fontaine v. United States, 411 U.S. 213, 215 (1973). Second, Smith claims that the Government knowingly used the perjured testimony of Rosemary Law. Smith raises this claim for the first time on appeal; the claim is not raised in the original § 2255 motion or amended motion. Therefore, the claim is not cognizable here. United States v. One 1971 Mercedes Benz, 571 F.2d 912, 915 (4th Cir. 1976).

Smith alleges that the district court did not address all his claims in its opinion. We find this claim to be without merit with the exception of a claim alleging that Smith did not see his presentence report until one year after sentencing. The district court opinion does not explicitly mention the claim involving the presentence report. The one-sentence claim is made within the midst of the hearing impairment claims. It is unclear from the motion whether Smith intended to raise this as a substantive claim. Even if it can be interpreted as an attempt to raise an ineffective assistance claim, the claim is without merit because Smith has not demonstrated prejudice as a result of the alleged error.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3