**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 99-7030

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ALBERT BROWN,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Dennis W. Shedd, District Judge. (CR-95-443, CA-99-1109-3-19)

---

Submitted:  November 30, 1999      Decided:  December 13, 1999

---

Before MURNAGHAN and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

James Albert Brown, Appellant Pro Se.  Nancy Chastain Wicker, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Brown appeals the district court's judgment denying his motion for relief under 28 U.S.C.A. § 2255 (West Supp. 1999). On appeal, Brown first contends that the district court erred by denying his motion without first conducting an evidentiary hearing. No hearing is required, however, where the record conclusively establishes that a petitioner is entitled to no relief. See Fontaine v. United States, 411 U.S. 213, 215 (1973). Our review of the record discloses that the district court properly determined that no hearing was required in this case.

Brown next argues that the district court erred by sentencing him based on his involvement with the distribution of "crack" cocaine without requiring the Government to prove this as an element of the offense. We decline to address this argument as it is improperly raised initially on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). We also note that, contrary to Brown's contention, his appellate counsel was not required to raise every argument on appeal that Brown instructed him to raise. See Jones v. Barnes, 463 U.S. 745, 753-54 (1983). Hence, his failure to do so does not constitute ineffective assistance of counsel. Finally, we reject Brown's assertion that testimony by accomplices offered against him at trial was inadmissable because it was offered in exchange for considerations of leniency in violation of 21 U.S.C. § 201(c)(2) (1994), as this

argument is foreclosed under our recent decision in <u>United States v. Richardson</u>, ____ F.3d ____, 1999 WL 686892 (4th Cir. Sept. 3, 1999).

Accordingly, we deny a certificate of appealability and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>