**Deshawn SIMS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. CIV. 04–70474.
No. CRIM. 99–80102.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 4, 2004.

John F. Royal, Detroit, MI, for Plaintiff.

**OPINION AND ORDER**

FEIKENS, District Judge.

Petitioner Deshawn Sims was convicted on four counts in 2000: cocaine distribution, possession with intent to distribute cocaine, aiding and abetting possession with intent to distribute cocaine, and aiding and abetting possession with intent to distribute cocaine base. On October 11, 2000 of that year, he was sentenced to four concurrent terms of 262 months, and the Sixth Circuit upheld the convictions and sentences. Arguing that his convictions on counts three and four lacked proper evidentiary support, and that he had ineffective assistance at trial, he now seeks pursuant to 28 U.S.C. 2555 to have his convictions or sentence vacated, set aside, or corrected, and asks for an evidentiary hearing. For the reasons below, I DENY in part and GRANT in part the motion.

**FACTUAL BACKGROUND**

The facts prior to and including Petitioner's trial and sentencing have been stated in two previous opinions, so I will not

restate them here. *United States v. Sims,* 113 F.Supp.2d 1130 (E.D.Mich., 2000); *Sims,* 46 Fed.Appx. 807 (6th Cir.2002).

## ANALYSIS

### I. Evidence for the Third and Fourth Counts

■ Petitioner claims that the jury's verdict of guilt cannot be sustained because there was not enough evidence to find that either he or Sonya Thomas was the principal in the offenses he was charged with aiding and abetting. However, the Sixth Circuit decided this issue on direct appeal and found there was enough evidence to convict Petitioner on the third and fourth counts. *United States v. Sims,* 46 Fed.Appx. 807 (6th Cir.2002).

Petitioner argues that the Sixth Circuit reached its conclusion in error, because there was no evidence that Sonya Thomas knew that the substance she possessed was cocaine. (Mt., 14.) The Sixth Circuit has held many times that a petition under 2255 may not be used to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law. *Wright v. United States,* 182 F.3d 458, 467 (6th Cir.1999); *Giraldo v. United States,* 54 F.3d 776 (6th Cir.1995), *cert. denied,* 516 U.S. 892, 116 S.Ct. 240, 133 L.Ed.2d 167 (1995). Petitioner does not allege that the law has changed, and I find no other highly exceptional circumstances that would allow me to re-examine the Circuit's decision on that matter. Given that Petitioner's argument regarding insufficient evidence on all four counts turns on the lack of support for this factual finding, and given the Sixth Circuit affirmed this factual finding, I DENY the motion to set aside the convictions or sentence for a lack of proper evidentiary support. I further DENY petitioner a certificate of appealability on these issues, because Petitioner

failed to make a substantial showing of a denial of a constitutional right.

### II. Ineffective Assistance of Counsel

■ The Supreme Court, in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), held that a claim of ineffective assistance of counsel has two components: (1) inadequate performance by counsel, and (2) prejudice resulting from that inadequate performance. The first part of the test requires petitioner to show that counsel's performance was so deficient that it falls below a reasonableness standard under prevailing professional norms, and the standard of review is highly differential. *Id.* at 688, 104 S.Ct. 2052; *Kimmelman v. Morrison,* 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). To establish prejudice, a court must determine whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694. Where counsel gives erroneous advice that results in the petitioner going to trial, the issue is whether there is a reasonable probability that the petitioner would have pleaded guilty. *Magana v. Hofbauer,* 263 F.3d 542, 551–53 (6th Cir.2001).

A failure to explain the sentencing exposure to a defendant can constitute ineffective assistance of counsel, as can a failure to communicate the possibility or terms of a plea. *Smith v. United States,* 348 F.3d 545 (6th Cir.2003); *Moss v. United States,* 323 F.3d 445, 474 (6th Cir.2003); *Griffin v. United States,* 330 F.3d 733, 737 (6th Cir. 2003).

■ The Sixth Circuit has observed that a § 2255 petitioner's "burden 'for establishing an entitlement to an evidentiary hearing is relatively light.'" *Smith,* 348 F.3d at 550 (quoting *Turner v. United States,* 183 F.3d 474, 477 (6th Cir.

1999)). "Where there is a factual dispute, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." 183 F.3d at 477, citing *Paprocki v. Foltz*, 869 F.2d 281, 287 (6th Cir.1989). Such a hearing is mandatory "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Fontaine v. United States*, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973), *cited approvingly by Smith*, 348 F.3d at 550; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir.1996). However, no hearing is required if the movant's allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir.1999); *Peavy v. United States*, 31 F.3d 1341, 1345 (6th Cir.1994).

■ Petitioner first argues that his lawyer failed to inform him of the approximate sentencing guideline he faced. The government argues that no hearing is necessary on this question because Petitioner's assertion is "completely incredible." (Br. at 17.) The government notes that he signed an Acknowledgment of Indictment that evidenced his understanding that his range was 10 years to life for the first three counts and 20 years to life for the final count. (Ex. D.) Moreover, the government points out that Petitioner was present when the government stated that the charges in the indictment carried a 20–year mandatory minimum. (Br. at 17.) However, in a case with a similarly strong record and analogous factual situation, the Sixth Circuit repeatedly relied on the determination of credibility that the district court had made after an evidentiary hearing. *Moss v. United States*, 323 F.3d 445, 470 (6th Cir.2003) (the petitioner claimed lack of knowledge of the sentencing expo-

sure but had signed an Acknowledgment of Indictment). Therefore, I GRANT the motion for a hearing on this issue, although I agree that the record will make it very difficult for Petitioner to prevail on this argument.

■ Second, Petitioner claims his attorney never informed him of the offer of a 210 month plea that Respondent made on September 7, 1999. His attorney denies this allegation (Exhibit F.) In light of the contradictory affidavits, an evidentiary hearing is necessary on this point, and I GRANT the motion for a hearing on this issue. Furthermore, because Petitioner asserts he would have accepted the plea if he had known of it, the claim of prejudice also requires an evidentiary hearing to determine the credibility of Petitioner's statement. I GRANT the motion for a hearing on the issue of prejudice.

■ Third, Petitioner claims that his attorney's failure to accompany him to his booking constitutes ineffective assistance of counsel. However, the government correctly asserts that the Sixth Amendment does not apply to every stage of the proceedings—only those that are "critical." *United States v. Wade*, 388 U.S. 218, 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The Sixth Circuit has held a booking process that elicits routine information does not violate the Fifth or Sixth Amendment right to counsel, even if that routine information is later introduced at trial. *United States v. Godinez*, 114 F.3d 583, 589 (6th Cir.1997). Petitioner is apparently arguing that because the eliciting of routine information involved Petitioner speaking, and the officer's experience hearing Petitioner's voice was used to identify Petitioner's voice on a tape at a later time, counsel was ineffective when he failed to accompany Petitioner to booking and when he instructed Petitioner to cooperate with officers. I find this argument unpersuasive.

In the *Godinez* case, the defendant gave the name of his wife during the booking procedure, which was later used to link him to evidence. Here, Petitioner spoke, and the sound of his voice then was used by officers to identify his voice on a tape. This precedent makes it clear that there was no right to counsel during booking, and therefore, counsel was not remiss in not accompanying his client to booking. In addition, since the government could have compelled a sample of Petitioner's voice, there is little chance of proving prejudice. *See, e.g., United States v. Dionisio,* 410 U.S. 1, 5, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973). I DENY Petitioner's motion on this issue. I further DENY the certificate of appealability on this issue.

Next, Petitioner argues that counsel's failure to make three objections or motions at trial constitute ineffective assistance of counsel. The three are as follows: a motion to redact the transcript of some tapes that listed Petitioner as a speaker, an objection to jury instructions, and a failure to seek out evidence in the personnel file of Agent Michael Hawes that bears on Hawes' credibility.

I DENY Petitioner's motion regarding the lack of a motion to redact the tape transcript, because Petitioner cannot show prejudice. I heard a pre-trial motion to prevent the introduction of the transcript, and allowed it to come in after numerous instructions to the jury that the transcript was not evidence. Petitioner's counsel's cross-examination of Special Agent Daniel Krause clearly brought out that Petitioner challenged the notion that it was Petitioner's voice on the tape. Therefore, I believe the jury considered that possibility, and even had the motion been brought and sustained, I do not think that the outcome would have changed. Therefore, I DENY Petitioner's motion as to this issue, and DENY the certificate of appealability.

In addition, I DENY Petitioner's motion regarding the lack of a jury instruction objection. On direct appeal, the Sixth Circuit stated that *Apprendi v. New Jersey* was not violated by the jury's failure to find the amount of the drugs at issue. *Sims,* 46 Fed.Appx. 807 (6th Cir.2002). Therefore, even if the motion had been made, the outcome would not have changed. Therefore, I DENY Petitioner's motion as to this issue, and further DENY a certificate of appealability, because the Sixth Circuit has already ruled on the issue and therefore Petitioner cannot make a substantial showing on this issue.

Finally, I DENY Petitioner's motion relating to the issue of seeking information concerning agent Hawes. I had already considered whether or not the letter at issue had to be turned over to Defendant during an *in camera* review. I concluded the letter did not need to be turned over because its contents were irrelevant to the case at bar. Therefore, Petitioner cannot make a substantial showing that he was prejudiced by his attorney's failure to make the motion. I DENY both the motion in regard to this issue and the certificate of appealability.

**CONCLUSION**

Therefore, for the reasons above, I DENY the motion and the certificate of appealability for all issues except those relating to ineffective assistance of counsel with regard to the communication of the sentencing exposure and the potential plea agreement. I GRANT the motion for an evidentiary hearing on those two remaining issues.

**IT IS SO ORDERED.**