NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4216
_____

UNITED STATES OF AMERICA

v.

JESUS PADILLA-CASTRO,
                                          Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 07-cr-00399-005
(Honorable Sylvia H. Rambo)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 14, 2011

Before:  SCIRICA, BARRY and VANASKIE, *Circuit Judges.*

(Filed: May 4, 2011)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Jesus Padilla-Castro pleaded guilty to a single count of conspiring to distribute

more than five hundred grams of cocaine in violation of 21 U.S.C. § 846.  Following

sentencing, Padilla-Castro filed an appeal which we later dismissed upon his request.

While his direct appeal was pending, he sought post-conviction relief under 28 U.S.C. §

2255, challenging his guilty plea, sentence, waiver of appellate and collateral review, and effective assistance of counsel. The District Court denied his motion and declined to issue a certificate of appealability. We granted a limited certificate of appealability to address the waiver and effectiveness of counsel issues. We will affirm.

I.

Drug Enforcement Administration officers arrested Jesus Padilla-Castro as part of an investigation into large-scale drug trafficking organizations in Berks, Lebanon, and Dauphin counties, Pennsylvania. On October 10, 2007, DEA agents observed a meeting where a co-defendant intended to purchase cocaine from Padilla-Castro. But the sale was aborted when local law enforcement officers arrived at the scene responding to an incident unrelated to the drug sale. Padilla-Castro and a co-conspirator drove away, but were stopped by DEA agents. A search of the vehicle recovered approximately a kilogram of cocaine. DEA agents then searched the home of other co-conspirators, eventually recovering over thirteen kilograms of cocaine.

Under an agreement with government, Padilla-Castro pleaded guilty to a single count of conspiracy to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846. The plea agreement stated the count carries a five-year mandatory minimum sentence. The plea agreement contained a provision waiving defendant's "right to appeal any conviction and sentence" or to "challenge any conviction or sentence . . . in any collateral proceeding." The District Court sentenced Padilla-Castro to the

2

mandatory minimum, sixty-month imprisonment, four years of supervised release, and a $100 special assessment.

While the direct appeal was pending,[1] Padilla-Castro sought review of his conviction under 28 U.S.C. § 2255. He contends the plea agreement was improperly translated and that he expected to be sentenced at the low end of a Guidelines range of thirty-seven to forty-six months (which would have been applicable had he not been subject to a statutory mandatory minimum). The court denied relief under § 2255 and we granted a limited certificate of appealability to address the issues of collateral waiver and ineffective assistance of counsel.

## II.

Padilla-Castro contends the District Court erred by failing to hold an evidentiary hearing to examine whether he understood the terms of his plea agreement and received effective assistance of counsel. Padilla-Castro also contends the failure of his counsel to explain the plea agreement invalidates the waiver of his appellate and collateral rights.

Waivers of appellate review, "if entered into knowingly and voluntarily, are valid." *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001). Waivers of collateral

---

[1] Padilla-Castro filed a notice of appeal challenging his conviction. Because of a dispute over whether the notice was timely, we remanded the case to the District Court to consider whether the notice of appeal should be considered as a motion for extension of time pursuant to Fed. R. App. P. 4(b)(4). At a subsequent hearing, Padilla-Castro informed the court he wished to withdraw his appeal and proceed with collateral review. The District Court ordered the appeal be dismissed, but because the appeal had already been docketed by this Court, the District Court lacked the ability to dismiss the appeal under Fed. R. App. P. 42(a). In the interim we have dismissed his direct appeal upon his motion to withdraw the appeal.

review are valid depending on "the (1) knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice." *United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008). Defendant bears the burden of "of presenting an argument that would render his waiver unknowing or involuntary." *Id.*

We have declined to enumerate specific instances where waivers are *per se* invalid and instead examine whether the waiver was knowing and voluntary in light of:

> the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Khattak*, 273 F.3d at 563 (internal quotations and alteration omitted). We have not addressed whether ineffective assistance of counsel will always invalidate a waiver, *United States v. Shedrick*, 493 F.3d 292, 298 n.6 (3d Cir. 2007), nor need we do so here.

The record makes clear Padilla-Castro would not be able to meet the requirements for a showing of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). He must demonstrate his counsel's performance "fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. When the defendant has pleaded guilty, he must show counsel provided "information that proves to be grossly erroneous and . . . that he would not have plead[ed] guilty in the absence of the erroneous information." *Meyers v. Gillis*, 142 F.3d 664, 666 (3d Cir. 1998).

4

Any alleged error by defense counsel in informing defendant of his sentence may be remedied by an adequate change of plea hearing. *See Shedrick*, 493 F.3d at 299 ("[W]e have long held that an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where, as here, an adequate plea hearing was conducted."); *United States v. Mustafa*, 238 F.3d 485, 492 (3d Cir. 2001) ("[A]ny alleged misrepresentations . . . were dispelled when [defendant] was informed in open court that there were no guarantees as to sentence, and that the court could sentence him to the maximum.").

At the change of plea hearing, Padilla-Castro was informed numerous times that his offense subjected him to a sixty-month mandatory minimum and that his sentence could not be predicted. The government stated the plea agreement "provides that the offense carries a mandatory minimum term of imprisonment of five years." When asked if anyone had promised him what his sentence would be, Padilla-Castro answered "no." He acknowledged he had received a translation of the plea agreement and had no further questions. The court cautioned the defendant he could not withdraw his plea even if the court imposed a sentence "different from what counsel may have estimated for you." The court specifically informed Padilla-Castro of the mandatory minimum.

The proceedings at sentencing corroborate that defendant was properly informed of the mandatory minimum. The PSR correctly calculated the mandatory minimum as sixty months. Defendant objected to portions of the PSR, mentioning a connection with handguns and misspelling names in the family data section, but did not raise any issue

5

with the mandatory minimum. Padilla-Castro was present when the court asked his counsel if Padilla-Castro understood there was a mandatory minimum, to which counsel replied "yes." We cannot say there is a reasonable probability that Padilla-Castro would not have pleaded guilty even assuming his counsel erroneously promised the sentence would be thirty-seven months.

The court did not err by refusing to hold an evidentiary hearing. A hearing is unnecessary when "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Defendant argues *Fontaine v. United States*, 411 U.S. 213 (1973) (per curiam), requires an evidentiary hearing. *See id.* at 215 ("The objective of Fed. Rule Crim. Proc. 11, of course, is to flush out and resolve all such issues, but like any procedural mechanism, its exercise is neither always perfect nor uniformly invulnerable to subsequent challenge calling for an opportunity to prove the allegations.").

His argument is unavailing. *Fontaine* involved allegations the defendant was coerced into pleading guilty without counsel. The record here is conclusive that Padilla-Castro did not lack necessary information. There is no indication that coercion or other factors rendered his answers in the plea colloquy unreliable.

### III.

For the foregoing reasons, we will affirm the District Court's denial of Padilla-Castro's motion filed pursuant to 28 U.S.C. § 2255.