NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN K. WILSON, | No. 18-17038 |
| Petitioner-Appellant, | D.C. No. 3:17-cv-01040-RS |
| v. | |
| ROSEMARY NDOH, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard G. Seeborg, District Judge, Presiding

Argued and Submitted December 11, 2020
San Francisco, California

Before: BOGGS,** M. SMITH, and BENNETT, Circuit Judges.

John Wilson appeals the district court's denial of his petition for a writ of

habeas corpus. Wilson claims that his no-contest plea was not knowing, voluntary

and intelligent. We have jurisdiction under 28 U.S.C. §§ 2253 and 1291. Because

the parties know the facts, we do not revisit them except to provide necessary

---

*     This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

**     The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court
of Appeals for the Sixth Circuit, sitting by designation.

1

context. We **AFFIRM** the decision of the district court.

Wilson was charged in California court with thirteen counts of lewd conduct upon a child under the age of fourteen (California Penal Code § 288(a)), including one count involving his daughter. On the date of the preliminary examination, Wilson's lawyer and prosecutors negotiated a plea deal. After negotiations, Wilson agreed to plead no contest to ten new counts of lewd conduct upon a child under the age of fourteen. Prosecutors agreed to dismiss one count involving a fifth victim. Wilson also agreed to exercise his right to trial on the charge involving his daughter through a bench trial, where he was later convicted. The plea deal allowed Wilson to avoid a potential sentence of life imprisonment. Ultimately, Wilson pleaded no contest to twenty-one total counts of lewd conduct upon a child under the age of fourteen and was sentenced to fifty years in prison.

Wilson later tried to withdraw his plea, claiming that his plea was involuntary because he was overwhelmed and emotionally upset at the time of his plea. The California Court of Appeal instructed the trial court to conduct a hearing to determine the voluntariness of his plea. *People v. Wilson*, No. H037600, 2012 WL 6641486, at *6 (Cal. Ct. App. Dec. 21, 2012) (*Wilson I*). After a hearing before a new judge (the original judge retired), the trial court on remand found Wilson's plea was voluntary. The ruling was upheld on appeal. *People v. Wilson*, H040185 (Cal. Ct. App. Nov. 17, 2014) (*Wilson II*). The California Supreme Court denied Wilson's

petition for review. Wilson then filed a full round of habeas petitions in California courts, which were denied. After his habeas petition was denied in federal district court, Wilson appeals to the Ninth Circuit.

1. Wilson argues that his habeas claim should be reviewed without the deference to state courts demanded by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Wilson argues the California Court of Appeal in *Wilson II* applied the wrong standard of review—"abuse of discretion" instead of de novo review. To overcome AEDPA deference, the state-court decision must have been "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the *Supreme Court* of the United States[.]" 28 U.S.C. § 2254(d)(1) (emphasis added). Wilson fails to cite any United States Supreme Court case mandating that state courts apply de novo review to the trial court's determination of the voluntariness of a plea. "[T]he phrase 'clearly established Federal law, as determined by [the Supreme] Court' refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 365 (2000). Wilson cites Ninth Circuit cases, but AEDPA does not permit reliance on such holdings. *Lopez v. Smith*, 574 U.S. 1, 7 (2014) ("Circuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that this Court

3

has not announced."') (citation omitted); *see also White v. Woodall*, 572 U.S. 415, 420 n.2 (2014); *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013).

Further, the cases Wilson cites are not on point. *Sanchez v. United States*, 50 F.3d 1448 (9th Cir. 1995) and *United States v. Seng Chen Yong*, 926 F.3d 582 (9th Cir. 2019) did not involve de novo review of state cases, but federal cases. *See Sanchez*, 50 F.3d at 1451; *Seng Chen Yong*, 926 F.3d at 589. *Campbell v. Wood*, 18 F.3d 662 (9th Cir. 1994) is a pre-AEDPA case. In *Frantz v. Hazey*, 533 F.3d 724 (9th Cir. 2008), this court held that the state court ruled contrary to a specific Supreme Court case, *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) (holding that pro se defendant's right to self-representation was not violated by the presence of a court-appointed standby counsel). *Frantz*, 533 F.3d at 734. In *Panetti v. Quarterman*, 551 U.S. 930 (2007), the Supreme Court held that a Texas court violated the Supreme Court's clearly established law in *Ford v. Wainwright*, 477 U.S. 399, 409–10 (1986) (holding that executing insane prisoners violated the Eighth Amendment). *Panetti*, 551 U.S. at 948. We found no Supreme Court case that requires state courts to use de novo review instead of the abuse-of-discretion standard.

2. Under AEDPA's deferential standard, the state court's conclusion that Wilson's plea was knowing and voluntary was not unreasonable. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011). Wilson said at the plea hearing that he had enough

4

time to discuss the government's plea offer with his lawyer; that his decision to enter the plea was free and voluntary; and that he had no questions about his plea agreement. Wilson exercised his right to a trial on Count Seven (involving his daughter). That Wilson chose to plead to some counts and contest others shows he knew the strengths and weaknesses of each charge and made an informed decision to plead or not. The plea agreement was to his advantage. It resulted in the dismissal of the special allegations pursuant to California Penal Code section 667.61 (b) and (e), which allowed Wilson to avoid life imprisonment, as well as the dismissal of Count Nine, involving a fifth victim. The trial judge who took the plea did not believe Wilson was so disoriented, dazed, or confused that Wilson did not know what he was doing, contrary to the declaration of therapist Donald Wilcox, who had examined Wilson and attended the plea hearing. *See Miles v. Dorsey*, 61 F.3d 1459, 1470 (10th Cir. 1995) (rejecting claim that inevitable "deadlines, mental anguish, depression, and stress" associated with plea discussions made plea involuntary).

3. The state court's finding that Wilson's plea was knowing, voluntary and intelligent was not an unreasonable determination of the facts. Wilson contends that, under 28 U.S.C. § 2254(d)(2), we should review his claim without AEDPA deference because, "the trial court's failure [(on remand)] to conduct an evidentiary hearing[] with testimony and cross examination . . . was objectively unreasonable." We disagree.

5

That Wilson misspoke, out of nervousness or some other reason, stating that he was a college graduate, fails to help him here. The rest of his statements were accurate. Minor misstatements alone do not vitiate a plea. "[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court [decision] was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004), *abrogated on other grounds by Murray v. Schiro*, 745 F.3d 984, 999–1000 (9th Cir. 2014); *see also* 28 U.S.C. § 2254(e)(1).[1]

4. This court has "held repeatedly that where a state court makes factual findings without an evidentiary hearing *or other opportunity for the petitioner to present evidence*, the fact-finding process itself is deficient and not entitled to deference." *Hurles v. Ryan*, 752 F.3d 768, 790 (9th Cir. 2014) (emphasis added) (citation omitted). Although Wilson did not have a full evidentiary hearing with live testimony and cross-examination, he had the opportunity to present evidence at the hearing on remand.

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

Wilson contends that "cross examination of the [retired plea-hearing] judge and of Dr. Wilcox was essential to expose the strengths and weaknesses of their opinions about Wilson's mental state." Even if true, that does not make the hearing "defective." Nor was the judge's decision to rely on Wilcox and Wilson's written declarations and the plea-hearing transcript, "not merely wrong, but *actually unreasonable*." *Taylor*, 366 F.3d at 999 (emphasis added). The hearing judge gave Wilson the opportunity to present evidence. First, the court accepted and examined Wilson and Wilcox's written declarations and compared them closely to the plea-hearing transcript. Second, the court asked Wilson's lawyer if he had "anything further at this time." Wilson's lawyer merely *offered* to call Wilcox as a witness "if [the court] needed further information from him." This was Wilson's opportunity to tell the court why Wilcox's testimony was necessary. Nothing in the record suggests that the trial court would have prevented Wilson from calling Wilcox if Wilson's lawyer stated a desire to do so. The onus was on Wilson's lawyer, not the judge, to advocate for Wilson. Judges are neither mind-readers nor spoon-feeders. Wilson's lawyer could have called Wilcox to testify but chose not to.

Wilson also argues that "because the [retired] plea hearing judge was not available to decide the issue on remand, the new judge assigned to the case had no independent basis to evaluate the credibility of Wilson's claim that his plea was invalid." We disagree. The independent basis to evaluate the credibility of Wilson's

7

claim was Wilcox's and Wilson's declarations. And, as discussed, Wilson had the opportunity to call witnesses but failed to. The trial court on remand did not rely solely on the plea transcript when it determined that Wilson's plea was voluntary. It compared its close reading of Wilcox's declaration to its close reading of the plea transcript. The court determined that Wilcox's declaration did not outweigh the other evidence showing that Wilson's plea was voluntary. That reasonable minds might disagree is not enough to show that the court's conclusion was objectively unreasonable.

5. Wilson was not entitled to a hearing with live evidence. The standard for an evidentiary hearing in federal proceedings subject to AEDPA is set out in 28 U.S.C. § 2254(e)(2): "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim . . . ."[2] Wilson "failed to develop the factual basis of the claim" in state courts. *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005). *Fontaine v. United States*, 411 U.S. 213, 215 (1973) is not on point. In *Fontaine*, the district court denied any hearing on whether the defendant's plea was voluntary. *Id*. at 214.

---

[2] The statute will make an exception if the applicant shows that his claim relies on a new rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence, or that the facts underlying the claim would show by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2254(e)(2)(A) – (B). No exception applies here.

Here, Wilson was given a hearing to assess the voluntariness of his plea in state court. As discussed, that it did not include live testimony or cross-examination does not mean he did not have an "evidentiary hearing *or other opportunity . . . to present evidence*." *Hurles*, 752 F.3d at 790 (emphasis added).

The Supreme Court has interpreted "failure to develop" under § 2254(e)(2) as a lack of diligence or other fault attributable to the defendant or his lawyer. *Williams v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id*. at 435. If he fails to develop the record, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other "stringent conditions" are met. *Ibid*. Here, Wilson could have, but failed to, call Wilcox as a witness. Therefore, Wilson was not entitled to a hearing with live evidence.

We AFFIRM the district court ruling.