**Dan HEDMAN, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 75–1449.**

United States Court of Appeals, Tenth Circuit.

Argued Oct. 21, 1975.

Decided Dec. 2, 1975.

Lee M. Nation, Gary Eldredge, Kansas City, Mo., for plaintiff-appellant.

E. Edward Johnson, Mary K. Briscoe, Topeka, Kan., for defendant-appellee.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying Hedman's application for post-conviction relief without an evidentiary hearing.

Appellant was charged by a two count indictment with making fraudulent claims for income tax refunds in violation of 18 U.S.C. § 287. On May 13, 1974, Hedman appeared before the trial court, with counsel, withdrew his earlier not guilty plea and entered a guilty plea to one count of the indictment. At that time the government indicated that it would move to dismiss the remaining count at the time of sentencing. Ultimately, Hedman was convicted upon his guilty plea and a sentence of one year and one day was imposed. A direct appeal was not undertaken.

However, before accepting Hedman's guilty plea, the trial court conducted a thorough inquiry pursuant to Rule 11 of the Federal Rules of Criminal Procedure to satisfy itself that he understood his rights and the consequences of the plea. Only when the court was satisfied on the above points and that the plea was voluntary and that there was a factual basis for the plea was appellant's guilty plea accepted. The record of the Rule 11 proceedings clearly shows that Hedman unequivocally denied receiving any prediction or promise of leniency or other inducement to plead guilty. Hedman stated to the court that he was pleading guilty freely and voluntarily and because he was in fact guilty of the offense charged. During the plea proceedings Hedman presented to the court a "Petition to Enter Plea of Guilty" in which he set forth the factual basis for his plea. Appellant acknowledged that he had read the petition and was fully aware that his statements in the petition were made under oath. In response to further inquiry by the court, Hedman stated that he had fully discussed the matter with his attorney, that the decision to plead guilty was his alone and that he was "very much" satisfied with the advice and services of counsel.

Approximately a year later, Hedman commenced this action seeking to set aside his conviction and sentence on the dual grounds of an involuntary plea and a denial of the effective assistance of counsel. The district court concluded that the motion, files and records showed conclusively that appellant was entitled to no relief and dismissed the action without an evidentiary hearing. On appeal Hedman contends that under the Supreme Court's decision in *Fontaine v. United States*, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973), the district court should not have dismissed the action without a hearing.

In his motion to set aside the sentence, Hedman alleged that retained counsel, Mr. Brooks, initially advised him that a successful defense to the government's charges was possible, but that the services of a "handwriting expert" would be essential. Hedman then advised Brooks

that he was indigent and could not pay for the services of such an expert. Brooks then supposedly reiterated the necessity of expert testimony and then concluded that without the services of an expert, Hedman should plead guilty. Appellant speculates that this change of advice was spawned by a misunderstanding regarding the payment of Brooks' fee.

Hedman also alleges that Brooks advised him that, as a result of plea negotiations with the United States Attorney's office, a bargain had been struck whereby Hedman would be granted probation in return for a guilty plea. Then, in claimed reliance on Brooks' promise of probation, appellant appeared before the trial court to enter a guilty plea. Rounding out Hedman's contentions is the claim that, upon advice of counsel, he made false statements to the trial court during the Rule 11 proceedings in an apparent effort to persuade the trial court to accept the guilty plea.

■ Under 28 U.S.C. § 2255, allegations of an involuntary plea and the lack of the effective assistance of counsel would require an evidentiary hearing unless the motion, files and records conclusively showed that a petitioner was entitled to no relief. *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1961); *Semet v. United States*, 369 F.2d 90 (10th Cir. 1966). Based on a review of the motion, files and records, the district court concluded that a hearing was not required in this case, that Hedman's plea was entirely voluntary and that the ineffective assistance of counsel claim was meritless. We agree and affirm.

■ Without doubt, the record of the Rule 11 proceedings are part of the "records" contemplated by § 2255 and is intended to facilitate the disposition of post-conviction actions, such as this, where claims of an involuntary plea and ineffective counsel are raised. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). We believe that the district court in this case was not required to conduct an evidentiary hearing when appellant's allegations merely contradicted his earlier statements. In our view, the truth and accuracy of Hedman's statements made at the Rule 11 proceedings should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements. Hedman's § 2255 allegations of an involuntary plea and the lack of effective counsel were completely and conclusively refuted by his earlier statements and were insufficient to trigger the hearing requirement of § 2255. *Hampton v. United States*, 504 F.2d 600 (10th Cir. 1974); *Robinson v. United States*, 474 F.2d 1085 (10th Cir. 1973).

Appellant's reliance on *Fontaine* is misplaced. Unlike this case, the situation in *Fontaine* involved an uncounselled plea and allegations of fear, coercive police tactics and mental illness. Hedman's factual allegations fall far short of the threshold established by *Fontaine*. A further dissimilarity is noted in that *Fontaine* involved matters considerably beyond the scope of a Rule 11 inquiry. We, of course, agree that under those circumstances an evidentiary hearing is required. Here, it is our view that the Rule 11 proceedings were dispositive of the § 2255 issues relating to the voluntariness of Hedman's guilty plea and the effectiveness of counsel.

Upon docketing, the parties were notified that we were considering summary affirmance. Thereafter, Hedman filed a memorandum opposing such affirmance. Nevertheless, after carefully reviewing the files and records in this case, we are convinced that the judgment of the district court is correct.

Affirmed. The mandate shall issue forthwith.