955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ervin Earl RUTTER, Defendant-Appellant.
 No. 91-1313.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant Ervin Earl Rutter appeals the denial of his motion pursuant to 28 U.S.C. § 2255. Defendant pleaded guilty to distribution in excess of 500 grams of cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and was sentenced to seventy-eight months. The plea agreement was based on a quantity of cocaine associated with a single count of conviction, but at sentencing the district court considered relevant conduct pertaining to other counts and arrived at a greater quantity. The "discrepancy between the parties' stipulation and the sentence actually imposed [was] largely the subject of [the direct] appeal." United States v. Rutter, 897 F.2d 1558 (10th Cir.), cert. denied, 111 S.Ct. 88 (1990). We held that the district court was not bound by the stipulation and properly considered all relevant conduct. Id. at 1562-65. We further held that the district court properly departed from the quantity estimate in the plea agreement, given that the defendant had been advised of the mandatory minimum and maximum potential penalty. Id. at 1564-65.
 
 
 2
 Relying on Santobello v. New York, 404 U.S. 257 (1971), Defendant now claims that the plea agreement was breached; he seeks specific performance of the original plea agreement so that he will not be sentenced in excess of sixty months. Appellant's Opening Brief, Supplement at 5-10. This issue was resolved on direct appeal. Rutter, 897 F.2d at 1564-65. "[S]ection 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986).
 
 
 3
 Defendant also claims that he was induced by the government and his counsel to enter into a plea with an unfulfilled promise of leniency (a sixty month sentence). Defendant's real complaint is that the district court would not accept the stipulated quantity. This is a legal issue resolved in the direct appeal, Rutter, 897 F.2d at 1564; merely because Defendant did not prevail on this point does not render the plea involuntary. At the change of plea hearing, the district court specifically asked Defendant if he understood that the stipulation was merely the attorneys' computation without the approval of the court, and Defendant answered "[y]es, I do." I R.S. 15. See also Id. at 3, 5 & 10. This is not a case in which the court did not advise the defendant correctly concerning the consequences of the plea, thereby rendering the plea involuntary. See United States v. McCann, 940 F.2d 1352, 1358 (10th Cir.1991). Defendant has not overcome the presumption of validity accorded the record concerning the change of plea. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Hedman v. United States, 527 F.2d 20, 22 (1975).
 
 
 4
 Defendant also claims that the government should have filed a motion for downward departure under U.S.S.G. § 5K1.1 in an effort to conform the actual sentence to that estimated by the parties prior to the presentence report and sentencing. No facts exist which would except this case from the rule that a prosecutor's decision to not file a § 5K1.1 motion is not reviewable. See United States v. Kuntz, 908 F.2d 655, 657 (10th Cir.1990).
 
 
 5
 It is unclear whether defendant is appealing the district court's adverse resolution of other issues (sentencing disparities and mitigating conduct) raised in his § 2255 motion. Construing his appellate brief liberally, however, we have reviewed those issues and affirm the district court's denial of relief on those points for substantially the same reasons relied upon by the district court. See I R. doc. 12 at 4-7.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3