7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard HARDIMAN, Petitioner-Appellant,
v.
Dan REYNOLDS, Warden; Attorney General of the State of
Oklahoma; Respondents-Appellees.
 No. 93-6109.
 United States Court of Appeals, Tenth Circuit.
 Sept. 22, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.[2]
 
 ORDER AND JUDGMENT[1]
 KELLY
 Background
 
 1
 This is an appeal from the remand judgment in Hardiman v. Reynolds, 971 F.2d 500 (10th Cir.1992). Petitioner-appellant Richard Hardiman seeks habeas relief based upon the alleged unconstitutionality of a 1978 Oklahoma conviction that was used to enhance a sentence he is presently serving for a 1987 Oklahoma conviction.
 
 
 2
 Mr. Hardiman contended that the guilty plea upon which the 1978 conviction was based was involuntary and that he was inadequately advised of his right to appeal. Originally, the district court dismissed these claims as barred by state procedural default. Mr. Hardiman did not file a timely direct appeal from his 1978 state conviction and the district court determined that he could not satisfy the cause and prejudice test of Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991), thereby excusing this default. On appeal, we held that Mr. Hardiman should be given an opportunity to show cause and prejudice. We stated that if Mr. Hardiman could prove that his counsel participated in coercing him to plead guilty and that he was not advised of a right to appeal without payment, he might be able to show cause. Hardiman, 971 F.2d at 505-06. On remand, the district court determined that Mr. Hardiman could not establish that he was coerced into pleading guilty, therefore, advice concerning a free appeal was unnecessary and Mr. Hardiman could not establish cause for his state procedural default. The district court again dismissed his petition.
 
 
 3
 Mr. Hardiman appeals, arguing that (1) he was not given a full and fair opportunity to show cause because the state court record would establish that he raised the issues of attorney ineffectiveness and coercion in his application for state post-conviction relief, (2) he should have been granted an evidentiary hearing, and (3) the district court's dismissal was error.
 
 
 4
 We believe that the substance of Mr. Hardiman's claim concerning alleged attorney ineffectiveness and coercion was recognized fully by both the magistrate and the district court. Merely because Mr. Hardiman's attorney communicated the substance of his negotiations with the prosecutor or indicated to his client that he lacked a viable defense does not amount to coercion, even if the information is unfavorable. See Brady v. United States, 397 U.S. 742, 756-57 (1970). Such advice is well within the range of competence expected of criminal defense attorneys. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985).
 
 
 5
 We conclude that Mr. Hardiman has failed to allege sufficient facts, as opposed to legal conclusions, which would overcome the strong presumption of veracity accorded the Summary of Facts which establish that his plea was knowing and voluntary. See Marshall v. Lonberger, 459 U.S. 422, 437 (1983); Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Hedman v. United States, 527 F.2d 20, 22 (10th Cir.1975). Given testimony at his preliminary hearing that he sold heroin to undercover agents, Mr. Hardiman entered a plea to possession of heroin rather than distribution of heroin after a felony conviction, thereby reducing his exposure from the possibility of a life sentence to three and one-half years. The Supreme Court has held that ordinary plea negotiations, including threats by a prosecutor to seek maximum punishment, do not warrant a presumption of vindictiveness and do not offend due process. See United States v. Goodwin, 457 U.S. 368, 377-80 (1982); Bordenkircher v. Hayes, 434 U.S. 357, 361-65 (1978). Given the information possessed by the State at the preliminary hearing, Mr. Hardiman cannot have this plea set aside on the basis that the State's threat to seek maximum punishment, communicated to him by his lawyer, constituted coercion and therefore rendered his plea involuntary. We agree with the magistrate that Mr. Hardiman's assertion of innocence does not preclude a finding that his plea was knowing and voluntary. See North Carolina v. Alford, 400 U.S. 25, 36-38 (1970). Given these legal determinations as applied to the facts, an evidentiary hearing was not required. See United States v. Estrada, 849 F.2d 1304, 1306 (10th Cir.1988).
 
 
 6
 AFFIRMED.
 
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3