UNITED STATES COURT OF APPEALS
**Filed 3/19/96**          FOR THE TENTH CIRCUIT

GORDON KEVIN BARNES,            )
                                )
    Petitioner-Appellant,   )
                                )          No. 95-1490
v.                              )     (D.C.  No. 95-K-892)
                                )        (D. Colorado)
RANDY HENDERSON; ATTORNEY       )
OF THE STATE OF COLORADO,       )
                                )
    Respondents-Appellees.    )

_____

ORDER AND JUDGMENT[1]

_____

Before PORFILIO, MCKAY, and KELLY, Circuit Judges.

_____

Because neither party has requested oral argument, we will consider this case on the briefs.  The facts are well known to both sides and will not be set forth here in detail.

---

[1] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is an appeal from the denial of a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner contends the district court erred by not granting him relief from a state conviction upon a guilty plea entered in 1977. Petitioner claims the plea was involuntary because the state court improperly advised him of the places in which he could be incarcerated. We affirm.

Petitioner was originally sentenced under the Colorado Sex Offender Act which provides for a sentence to an indefinite term of treatment and incarceration until the offender is no longer a threat to harm members of the public. Petitioner complains the state court did not advise him that he could be imprisoned in the state penitentiary as well as the state hospital; therefore, his plea was involuntary. The issue has significance because petitioner was paroled from this sentence, but parole was revoked for commission of similar offenses, the sentences of which are running concurrently with the indeterminant life sentence he received under the Sex Offender Act.

The United States Magistrate Judge considered the issues, reviewed the state record, and concluded there was no factual support for the petitioner's contention. Accordingly, the magistrate recommended denial of the petition. The district court adopted the magistrate's findings and accepted the recommendation. Upon dismissal of the petition, this appeal ensued.

We need only examine the state record to find a basis for

agreement with the district court's disposition. Upon doing so, we find two facts are clear. First, queried by the state judge upon arraignment, petitioner stated no one had made him any promises regarding his plea other than "what has been stated by the District Attorney." Second, again in response to the court's questioning, petitioner stated he understood the sentence under the Sex Offender Act could "require [his] curtailment **or type of imprisonment for the rest of your natural life**." (emphasis added).

Although there are many answers to the issue raised, the absence of supportive facts leaves petitioner without an argument for reversal. Petitioner's statement to the state court that no promises other than those of record belies his present contention that he was promised he would not be held in the penitentiary. There was no such promise made or inferred of record in the arraignment proceeding. Second, although the state judge did not tell petitioner he could spend time in the state penitentiary specifically, he did warn petitioner he could be imprisoned. Petitioner also understood the possibility he could be confined in an institution other than the hospital and that the alternative place could be a penal facility. His latter day contention that he was unaware that the penal facility was the Colorado State Penitentiary simply rings hollow.

The responses petitioner made at the time of his arraignment "constitute a formidable barrier in any subsequent collateral

proceedings." **Blackledge v. Allison**, 431 U.S. 63, 74 (1977). From the answers given by petitioner in response to the questions we have noted, we must presume that he was properly instructed on the consequences of his plea and that the plea was voluntary. **Worthen v. Meachum**, 842 F.2d 1179, 1183 (10th Cir. 1988). Moreover, the statements made at arraignment completely refute the contentions he now asserts. Cf. **Hedman v. United States**, 527 F.2d 20, 22 (10th Cir. 1975).

**AFFIRMED.**

Entered for the Court

John C. Porfilio
Circuit Judge