**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 3, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

MICHAEL COLEMAN MEEKS,

   Defendant - Appellant.

No. 11-6183
(D.C. Nos. 5:09-CR-00221-F-1 and
5:11-CV-00043-F)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

  Michael Meeks pleaded guilty to being a felon in possession of firearms and ammunition. His plea agreement stated that the maximum penalty that could be imposed for his possession count was ten years imprisonment and two years of supervised release. But the plea agreement also went on to say that, if he qualified for an enhancement under the Armed Career Criminal Act ("ACCA"), he could face up to life in prison. Plea Agreement at 2-3. Eventually, the district

---

  [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court found that his criminal history *did* qualify him for the ACCA enhancement, and sentenced him to a term of fifteen years in prison.

In response, Mr. Meeks filed a motion seeking relief from his conviction under 28 U.S.C. § 2255. He argued that his counsel was ineffective in investigating the basis for the ACCA enhancement and that he is not eligible for the enhancement. The district court ultimately denied the petition, finding that Mr. Meeks had waived any collateral review of his sentence in his plea agreement and that, in any case, his counsel was not ineffective. The district court also declined to issue a certificate of appealability ("COA"). Mr. Meeks now seeks from us a COA to appeal this decision.

We may grant a COA only if Mr. Meeks makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, Mr. Meeks must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted).

Mr. Meeks fails to meet this high threshold. A plea agreement waiver of post-conviction rights is "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179,

1183 (10th Cir. 2001). Mr. Meeks's plea agreement unambiguously waived his right to collaterally challenge his sentence. *See* Plea Agreement at 6-7 (stating that Mr. Meeks waived his right to "collaterally challenge . . . his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case"). And there is no suggestion that Mr. Meeks made this waiver either unknowingly or involuntarily. To the contrary, Mr. Meeks acknowledged during his thorough Rule 11 plea colloquy that he understood he was waiving his right to appeal or challenge his sentence so long as it was within or below the advisory guideline range. *See* Change of Plea Tr. at 12-13.

Mr. Meeks's current claims also fall within the scope of this waiver. Mr. Meeks's § 2255 motion asserts two claims, one alleging ineffective assistance of counsel and the other arguing that he was not eligible for the ACCA enhancement. The latter argument clearly falls within the scope of the plea agreement's waiver, as it expressly seeks to challenge his sentence collaterally. As to the former (ineffective assistance) claim, it is of course the case that a "plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Cockerham*, 237 F.3d at 1187. But it is also true that "[c]ollateral attacks based on ineffective assistance of counsel claims

that are characterized as falling outside that category are waivable." *Id.* And Mr. Meeks's ineffective assistance of counsel claim in this case falls squarely in the latter (waivable) category. Mr. Meeks asserts that his attorney did not adequately investigate the crimes on which his ACCA enhancement was predicated. This claim does *not* challenge the validity of his plea but only the adequacy of counsel's performance *following* the plea in defending against the enhancement. *See id.* (challenges to "counsel's performance at sentencing" are waivable).

In light of all this, we conclude that no reasonable jurist would debate the district court's disposition of Mr. Meeks's claims and so deny Mr. Meeks's application for a COA and dismiss this appeal.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge