**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff-Appellee.

v.

LAWRENCE M. SIMONS, SR.,

       Defendant - Appellant.

No. 12-3137
(D.C. Nos. 6:09-CR-10032-MLB-1 and
6:11-CV-01017-MLB)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Lawrence M. Simons, proceeding pro se, wants to appeal from the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. He claims his retained counsel provided ineffective assistance in negotiating a plea agreement and at sentencing.

We deny the requested Certificate of Appealability and dismiss this matter.

Entered for the Court

Per Curiam

12-3137, United States v. Simons
**O'BRIEN**, J , concurring

I concur in the denial of a Certificate of Appealability ("COA") and write separately to explain why. The COA petition is utterly deficient. Instead of presenting reasoned, fact-specific argument, Simons has resorted to a summary and conclusory tirade. Because he has not made "a substantial showing of the denial of a constitutional right," he is not entitled to a COA, a prerequisite to any appeal. 28 U.S.C. § 2253(c)(2).

Simons (a licensed M.D. at the time of the crimes alleged) was charged with 27 counts[1] of violating 21 U.S.C. § 841(a) by knowingly distributing controlled substances outside the usual course of professional practice and without a legitimate medical purpose. *See* 21 C.F.R**.** § 1306.04(a). His attorney negotiated a plea agreement with the government, under which he pled guilty to two of the charged counts on October 5, 2009. By then, he had surrendered his license to practice medicine.[2] Under the plea agreement, the government dismissed 25 counts. In exchange, Simons pled guilty and agreed to

---

[1] The original indictment charged Simons with 36 counts. A superseding indictment reduced the number to 27.

[2] On April 1, 2009, the Kansas Board of Healing Arts ("KBOHA"), which governs medical licenses in Kansas, petitioned for revocation of Simons's medical license, based on three separate incidents of unlawful controlled-substance distribution different from those in this case. In the KBOHA proceeding, Simons was represented by another attorney, who, together with Simons, signed a Consent Order, filed with the KBOHA, stating Simons agreed to surrender his medical license effective upon signing the Consent Order. The Consent Order permitted Simons to reapply for his Kansas medical license when he was able to demonstrate he was fit to practice medicine.

waive his right to appeal or collaterally attack any sentence imposed, except as limited by

*United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

During the plea proceeding, the judge carefully explained the meaning of the

waivers:

> [Y]ou are agreeing that you won't [appeal]. You may not like the sentence that you ultimately receive from me; but you're agreeing that you will not attack your conviction or you will not appeal your sentence as long as it is within the applicable guideline range.
>
> You are also agreeing that you will not come back to me at a later date under Section 2255 or Rule 60 or whatever else, and ask me to reopen your case and give you the opportunity to go to trial, plead again to some other charge. . . . You are agreeing here that you will never ask any court anywhere at any time for any reason to review your case or reopen your case or do anything with it, including asking me to lower your sentence at a later date if the sentencing commission in Washington somehow changes the guidelines in a way that would give you a lesser sentence. You understand that?
>
> DEFENDANT SIMONS: I do, Your Honor. [3]

On January 11, 2010, the judge sentenced Simons to 24 months of imprisonment

and 3 years of supervised release on each count, to be served

---

[3] The quoted excerpt is representative of the judge's extensive and thorough colloquy with Simons. During the colloquy, Simons expressed full satisfaction with counsel, said he read and understood the plea agreement, which was true and accurate, and signed it because he was guilty. He also admitted to facts providing a sufficient factual basis for the plea. "[T]he truth and accuracy of . . . statements made at the Rule 11 proceedings should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements." *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *United States v. Weeks,* 653 F.3d 1188, 1205 (10th Cir. 2011). The request for a COA contains no reason to regard Simons's conclusory, *post hoc* arguments to be sufficient to impeach the record. *See* n.6.

concurrently.[4]  Among other things, the sentence contained special conditions of supervision prohibiting Simons from (1) practicing medicine individually or with any sort of medical facility, (2) applying for reinstatement of any medical licenses, and (3) applying for or obtaining any DEA registration number, which would allow him to dispense any controlled substances, directly or indirectly, as well as any non-prescribed medications.

Simons did not appeal.  But, on January 12, 2011, he filed this § 2255 motion despite having waived his right to collaterally attack his sentence.  The motion rests on two claims of ineffective assistance of trial counsel:  (1) incorrect advice as to the effect his guilty plea would have on his future ability to practice medicine, and (2) failing to challenge the sentence imposed and preserve issues for appeal.  He claims his guilty plea was unknowing and involuntary, because (through counsel's fault) he did not fully understand the ramifications of the plea agreement and the resulting plea.  He wants his guilty plea and sentence set aside. The trial judge appointed a new attorney for Simons in the § 2255 proceedings.  Following a hearing, the judge denied relief,[5] relieved appointed

---

[4]  The statutory maximum sentence for each count to which Simons pled guilty is 20 years of imprisonment.  His total offense level is 15 and his criminal history category is I.  The Sentencing Guidelines recommend an imprisonment range from 18 to 24 months.

[5]  As the judge recognized, putative appeal and collateral attack waivers do not apply to claims of ineffective assistance of counsel in negotiating the plea agreement or entering the plea. *Cockerham*, 237 F.3d at 1187.  Based upon his thorough colloquy with Simons before accepting his guilty plea, the judge concluded:  (1) Simons failed to demonstrate how counsel's deficient performance resulted in prejudice entitling him to relief, *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and (2) the plea, including the waivers, was knowingly and voluntarily

counsel from any further obligations in the case, and permitted Simons to proceed on appeal without prepayment of fees. *See* 28 U.S.C. § 1915(a) (regarding fees). This petition for a COA followed.

One thing is clear from the petition; Simons considers himself a victim: a victim of overzealous police, his attorney's incompetence, an unresponsive justice system, a trial judge lacking empathy with and sympathy for him, and unfair laws. He seems to think a doctor's promiscuous distribution of very potent controlled substances is noble, not criminal.

Simons's bitter whining is not an adequate substitute for disciplined and thoughtful argument. He has presented a conclusory diatribe about allegedly unfair treatment, but nothing more. Consisting of approximately 300 words, his COA petition contains no cogent argument, cites no authority, and makes no record references. It does, however, contain allegations not presented in the district court. In short, it fails to comply with the Federal Rules of Appellate Procedure.[6] On the other hand, the 32-page

---

entered, *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2001) (en banc). In light of the above, the judge considered the plea agreement to be effective and enforceable, making Simons's sentencing complaints subject to the waiver. *See Cockerham*, 237 F.3d at 1187 (challenges to "counsel's performance at sentencing" are waivable); *United States v. Meeks*, 439 F. App'x 736, 737 (10th Cir. 2011) (unpublished and cited only for its persuasive value) (upholding plea waiver in § 2255 proceeding regarding counsel's sentencing performance), *cert. denied*, 132 S. Ct. 1874 (2012).

[6] Pro se "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nonetheless, "we do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (citation and internal quotation marks omitted). An appellant's "[p]ro se status does not excuse the

- 4 -

order under attack clearly and completely addresses and resolves the § 2255 issues

presented to the district court. No judge would debate its correctness. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

---

obligation of any litigant to comply with the fundamental requirements of the Federal Rules of . . . Appellate Procedure." *Id.* (citation and internal quotation marks omitted). This includes Rule 28(a)(9)(A), which requires arguments in an appellant's brief to be supported with citations to the law and record. Simons's § 2255 petition was much more complete, but it does not substitute for an insufficient COA petition. "By failing to develop any argument on this claim at *this court,* [the convicted defendant] has waived the claim." *United States v. Patterson*, --- F.3d ----, 2013 WL 1365720, at *11 (10th Cir. Apr. 5, 2013).