FILED
United States Court of Appeals
Tenth Circuit

June 30, 2022

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEN EJIMOFOR EZEAH,

    Defendant - Appellant.

No. 21-6165
(D.C. Nos. 5:19-CV-00939-D &
5:16-CR-00029-D-1)
(W.D. Okla.)

_____

## ORDER
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

This matter is before the court on Appellant's *Petition for Panel Rehearing*

("Petition"). Pursuant to Fed. R. App. P. 40, we grant panel rehearing in part to the extent

of the modifications in the attached revised Order Denying Certificate of Appealability.

The remainder of the relief requested in the Petition is denied.

Our May 26, 2022 order declining to issue a certificate of appealability and

dismissing this appeal is withdrawn and replaced by the attached revised version, which

shall be filed as of today's date. Because our decision to partially grant panel rehearing

does not affect the outcome of this appeal, Appellant may not file a second or successive

rehearing petition.  *See* 10th Cir. R. 40.3.

Entered for the Court,

CHRISTOPHER M. WOLPERT, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

　　　Plaintiff - Appellee,

v.

KEN EJIMOFOR EZEAH,

　　　Defendant - Appellant.

No. 21-6165
(D.C. Nos. 5:19-CV-00939-D &
5:16-CR-00029-D-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Defendant-Appellant Ken Ejimofor Ezeah seeks a certificate of appealability

("COA") to challenge the district court's denial of his 28 U.S.C. § 2255 motion.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we decline to issue a COA

and dismiss this matter.

**BACKGROUND**

Based on a superseding indictment, Ezeah was charged with twenty counts of

conspiracy, wire fraud, and aggravated identity theft. He later accepted a plea agreement

with an appeal waiver. In exchange for pleading guilty to one count of conspiracy to

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

commit wire fraud, the government dismissed the remaining counts and recommended a three-level sentencing reduction for acceptance of responsibility.

At his change-of-plea hearing, Ezeah told the district court that he had reviewed the terms of the plea agreement with his attorney, that he understood the terms, and that the plea agreement encompassed the full scope of his arrangement with the government. The district court found that Ezeah had pleaded voluntarily and accepted his guilty plea.

Before his sentencing, Ezeah moved for a downward variance. He pointed to, among other things, the fact that he cooperated with the government by testifying against his co-defendant. But Ezeah acknowledged in his motion for a downward variance that his "cooperation and testimony were not required by his plea agreement; rather, it was voluntary." R. vol. 3 at 424 (internal citations omitted). Ezeah also admitted, through counsel, at the sentencing hearing that he had decided to cooperate "for [the] right reasons, not just for sentencing reasons." R. vol. 1 at 235.

The district court sentenced Ezeah to 132 months' imprisonment—the middle of his guideline range of 121–151 months. As the district court was announcing the sentence, Ezeah fainted, leading to the court to adjourn the hearing.

When the parties reconvened a week later to continue the sentencing, Ezeah asked to withdraw his guilty plea. He insisted that the government had fraudulently induced his guilty plea by promising to move for a reduction under § 5K1.1,[1] which it failed to do. In

---

[1] Through a § 5K1.1 motion, the government may ask a district court to depart from the guidelines if a defendant "has provided substantial assistance in the investigation or prosecution of another who has committed an offense." U.S.S.G. ch. 5, pt. K, § 5K1.1.

response, the government advised the court that it had promised only to recommend a three-level reduction for acceptance of responsibility. The district court sided with the government, rejected Ezeah's request to withdraw his guilty plea, and entered its previously announced sentence.

Ezeah appealed his sentence. In *United States v. Ezeah*, 738 F. App'x 591, 594 (10th Cir. 2018), we held that the government "was not obligated to move for the reduction claimed by Mr. Ezeah, and it therefore ha[d] not breached the plea agreement." So we enforced the appeal waiver and dismissed his appeal. *Id.* at 595. Still, we recognized that the waiver contained an exception for claims of ineffective assistance of counsel. *Id.* at 594. Thus, we noted that Ezeah was not barred from filing a § 2255 motion to contest his guilty plea and sentence. *Id.* at 594.

Ezeah then filed a § 2255 motion. He argued that his attorney had been ineffective by failing to advise the district court that the government had, in an unwritten promise, agreed to move for a sentence reduction under § 5K1.1 at his sentencing. To support his motion, Ezeah submitted his own affidavit and one from his brother. The latter included a text message from Ezeah's attorney that said, in part, "Ken [Ezeah] will have possibly two opportunities to give substantial assistance which may result in a reduction of sentence if he pleads guilty." R. vol. 2 at 306. The district court denied Ezeah's § 2255 motion without an evidentiary hearing and refused to issue him a COA.

Ezeah now appeals, arguing that, at minimum, he is entitled to an evidentiary hearing. He also seeks a COA.

3

## DISCUSSION

### I.    Standard of Review

Ezeah must obtain a COA to pursue an appeal. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied when a prisoner shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Welch v. United States*, 578 U.S. 120, 127 (2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

### II.    Merits

When a defendant challenges his guilty plea based on a claim of ineffective assistance of counsel, he must show: (1) that his attorney's performance "fell below an objective standard of reasonableness"; and (2) that "the deficient performance prejudiced the defense." *United States v. Weeks*, 653 F.3d 1188, 1200–01 (10th Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 466, 687–88 (1984)).

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Indeed, "the representations of the defendant, his lawyer, and the prosecutor at [plea hearings], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* at 73–74. We have also held that the "truth and accuracy" of statements made at plea proceedings "should be regarded as conclusive in the absence of a believable, valid reason" that would justify departing from them. *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975).

4

Here, the district court found that Ezeah's "self-serving, post-hoc statements" could not overcome the "formidable barrier" presented by his own declarations, those of his attorney, and those of the government at his plea hearing. R. vol. 2 at 339, 341 (citation omitted). This was so, the court reasoned, because Ezeah's version of events would require Ezeah's attorney and the government to have "lied to the Court about the contents of the plea agreement," and for Ezeah to have "perjured himself when describing his understanding of the plea agreement." R. vol. 2 at 339.

We agree. As the district court correctly pointed out, Ezeah's cooperation was "a means of arguing for leniency"—not an unwritten agreement for the government to submit a motion based on substantial assistance. R. vol. 2 at 341. In fact, Ezeah stated that his "cooperation and testimony were not required by his plea agreement; rather, it was voluntary." R. vol. 3 at 424 (internal citations omitted). On top of that, at his sentencing hearing, he assured the district court, through counsel, that he had decided to cooperate "for [the] right reasons, not just for sentencing reasons." R. vol. 1 at 235; *see also Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity."). Ezeah's two affidavits don't overcome the "strong presumption of verity" that we place on these statements. *Blackledge*, 431 U.S. at 74.

To the extent that Ezeah argues that the district court erred by denying his § 2255 motion without an evidentiary hearing, we see no abuse of discretion.[2] No evidentiary

---

[2] In a § 2255 proceeding, we review the denial of an evidentiary hearing for an abuse of discretion. *United States v. Clingman*, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002).

hearing is needed when the "the district court finds the case record conclusively shows the prisoner is entitled to no relief." *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988); *see also* 28 U.S.C. § 2255(b). As we've explained above, the record demonstrates that Ezeah is not entitled to relief.[3]

## CONCLUSION

For these reasons, we deny Ezeah's request for a COA and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[3] The Supreme Court has noted that when a defendant's motion is based on a claim "that not only his own transcribed responses, but those given by two lawyers, were untruthful," he will be entitled "to an evidentiary hearing only in the most extraordinary circumstances." *Blackledge*, 431 U.S. at 80 n.19. Such circumstances aren't present here.