**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WALTER LEE KASSANAVOID,

    Defendant - Appellant.

No. 24-6214
(D.C. No. 5:22-CR-00185-J-1)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

Walter Lee Kassanavoid appeals the judgment in this criminal case. The government moves to enforce the appeal waiver in his plea agreement. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc). Mr. Kassanavoid's attorney opined that it would be frivolous to oppose the government's motion and requested leave to withdraw. We invited Mr. Kassanavoid to respond himself to the government's motion, and he has done so.[1]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Mr. Kassanavoid's response liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *See id.* at 1325.

### Scope of the Waiver

Mr. Kassanavoid pleaded guilty to second-degree murder, and the parties stipulated to a sentencing range of 204 to 360 months in prison. As part of the plea agreement, Mr. Kassanavoid waived the right to appeal his conviction and sentence with one exception—if the sentence exceeded the stipulated range, then he could appeal its substantive reasonableness. The district judge sentenced him to 360 months in prison.

Mr. Kassanavoid argues the sentence exceeded the stipulated range because the judge sentenced him to 360 months in prison *plus* five years of supervised release. The five years of supervised release, he says, put his sentence beyond the stipulated maximum of 360 months. Not so. The stipulated range called for "204 to 360 months in prison." R. vol. 1 at 44. His prison sentence remained within the stipulated range, so his waiver covers this appeal.

### Knowing and Voluntary Waiver

To determine whether a waiver was knowing and voluntary, we typically focus on two factors—whether the plea agreement says the defendant knowingly and voluntarily entered into it, and whether the district judge conducted an adequate plea colloquy. *See Hahn*, 359 F.3d at 1325.

2

The plea agreement and plea colloquy show a knowing and voluntary waiver. The plea agreement says explicitly that Mr. Kassanavoid waived his rights knowingly and voluntarily. And during the plea colloquy, he claimed to understand that he was waiving the right to appeal his sentence as long as it fell within the stipulated range.

Even so, Mr. Kassanavoid now claims his attorney forced him to plead guilty and promised that the judge would impose a term at the low end of the stipulated range. These claims target the validity of the plea agreement itself. And if Mr. Kassanavoid did not knowingly and voluntarily enter into the plea agreement, then we will not enforce the appeal waiver contained in the agreement. *See United States v. Rollings*, 751 F.3d 1183, 1189 (10th Cir. 2014).

In contrast to his current claims, during his plea colloquy, he denied that anyone had coerced him or promised him anything absent from the plea agreement to get him to plead guilty. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Lacking any support in the record, Mr. Kassanavoid's current allegations cannot overcome his contrary statements during the plea colloquy. *See Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975) (recognizing that a defendant's statements during a plea colloquy "should be regarded as conclusive in the absence of a believable, valid reason" to think they were untrue).

Although Mr. Kassanavoid tells us he has mental-health problems, he does not assert that those problems undermined the validity of his plea. Besides, the judge inquired about Mr. Kassanavoid's mental health during the plea colloquy, and

3

Mr. Kassanavoid agreed with his attorney that his mental health did not affect "his ability to understand the nature of the rights" he waived by entering his plea.  R. vol. 3 at 9.

### *Miscarriage of Justice*

Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district judge relied on an impermissible sentencing factor (such as race); (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings.  *See Hahn*, 359 F.3d at 1327.

Mr. Kassanavoid contends the district judge demonstrated bias and racism by referring to him as an "Indian" from "Indian country."  But the judge himself never used those terms at either the plea hearing or the sentencing hearing.[2]  Even if he had, it would not have suggested bias or racism.  After all, the relevant statute made Mr. Kassanavoid's status as an "Indian" and the crime's having occurred in "Indian country" elements of the offense.  *See* 18 U.S.C. § 1153(a).

Mr. Kassanavoid also claims he received ineffective assistance of counsel. But on direct appeal we generally will not consider ineffective-assistance claims, even one seeking to invalidate an appeal waiver.  *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).  We see no reason to depart from that general

---

[2] The prosecutor used the terms to establish the factual basis for the plea.

practice here. Mr. Kassanavoid must pursue any ineffective-assistance claims in a collateral proceeding (as his plea agreement allows).

*    *    *

We grant defense counsel's request for leave to withdraw. We grant the government's motion to enforce the appeal waiver. We dismiss this appeal.

Entered for the Court

Per Curiam